| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |

| | |
|---|---|
| Sebastiano Cavalieri, | Case No.: 2:19-cv-00470-APG-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| Miven, et al., | |
| Defendants. | |

This action is a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a state prisoner. On March 31, 2019, I directed plaintiff Sebastiano Cavalieri to either file his inmate account statement for the past six months and a properly executed financial certificate in compliance with 28 U.S.C. § 1915(a) or to pay the full filing fee of $400.00 within 30 days from the date of that order. ECF No. 14 at 7. The 30-day period has expired, and Cavalieri has not complied with or responded to my order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket) weigh in favor of dismissal. The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. My order requiring Cavalieri to file his financial attachments or pay the full filing fee within 30 days expressly stated: "It is further ordered that, if Cavalieri does not timely file the financial attachments to his application to proceed *in forma pauperis*, I will dismiss this action without prejudice." ECF No. 14 at 7. Thus, Cavalieri had adequate warning that dismissal

would result from his noncompliance with my order to file his financial documents or pay the full filing fee.

It is therefore ordered that this action is dismissed without prejudice based on Cavalieri's failure to file his financial attachments to his application to proceed *in forma pauperis* or pay the full filing fee in compliance with my March 31, 2019, order.

It is further ordered that the early inmate mediation conference scheduled for June 14, 2019 (ECF No. 18) is vacated.

It is further ordered that the Clerk of Court will close the case and enter judgment accordingly.

Dated: May 7, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE